**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

GCIU-EMPLOYER RETIREMENT FUND
AND BOARD OF TRUSTEES OF THE
GCUI-EMPLOYER RETIREMENT FUND,

      *Plaintiffs,*

vs.                                     Case No. 14-2303-EFM-GLR

COLERIDGE FINE ARTS,

      *Defendant.*

**MEMORANDUM AND ORDER**

On June 25, 2014, Plaintiffs GCIU-Employer Retirement Fund and its Board of Trustees filed this lawsuit against Defendant Coleridge Fine Arts, an Irish entity.  Defendant seeks to quash Plaintiffs' allegedly defective service of process contending that Plaintiffs failed to follow the Hague Convention provisions and failed to follow Irish law.  Because the Court finds that Plaintiffs properly effectuated service on Defendant, the Court denies Defendant's motion and does not quash Plaintiffs' service of process.

Federal Rules of Civil Procedure 4(f) and 4(h) govern service on corporations in a foreign country.  Fed. R. Civ. P. 4(h)(2) provides that a foreign corporation "not within any judicial district of the United States" may be served in "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  In turn, Fed. R. Civ. P. 4(f)(1) states

that when service is effectuated "at a place not within any judicial district of the United States," it can be done "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."   The United States and Ireland are both parties to the Hague Convention, and the parties both assert and agree that Defendant must be served in accordance with the Hague Convention.

There are several ways to accomplish service under the Hague Convention.  The primary method of service is for a party to mail process to the Central Authority, and the Central Authority then effects service on the corporation according to local law.[1]  Defendant argues that because Plaintiffs did not effectuate service through this method, Plaintiffs failed to properly serve Defendant pursuant to the Hague Convention.

There are, however, alternate means to serve a foreign defendant under the Hague Convention.  Specifically, Article 10 states

> Provided the State of destination does not object, the present Convention shall not interfere with –
>
>   (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
>   (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

---

[1] The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 (the Hague Convention), arts. 2 through 6, 20 U.S.T. 361, T.I.A.S. No. 6638, 1969 WL 97765.

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.[2]

Ireland has objected, in part, to Article 10.

In accordance with the provision in Article 10 of the Convention the Government of Ireland objects to

(i)      the freedom under Article 10(b) of judicial officers, officials or other competent persons of the State of origin to effect service in Ireland of judicial documents directly through judicial officers, officials or other competent persons and

(ii)     the freedom under Article 10(c) of any person interested in a judicial proceeding to effect service in Ireland of judicial documents through judicial officers, officials or other competent persons,

but this is not intended to preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in Ireland directly through a solicitor in Ireland.[3]

Plaintiffs contend that they used Article 10 of the convention and completed service of process directly through a solicitor in Ireland and in accordance with Irish law. Specifically, Plaintiffs provide an affidavit from an individual, Audrey Burke, who states that she is an Irish solicitor at the firm Dillon Eustace in Dublin, Ireland.[4]  She avers that her firm accepted the assignment to effect service of legal process on Defendant and that she caused the documents to be served upon Defendant pursuant to the rules of Ireland.  Thus, it appears that Plaintiffs complied with Article 10 of the Hague Convention in effecting service on Defendant.

---

[2] Hague Convention, art. 10.  *See also DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 288 (3d Cir. 1981) (discussing that the Hague Convention allows service by other means so long as the receiving nation does not object to the method used).

[3] Hague Conference on Private International Law Conference, Ireland Declarations Reservations, http://www.hcch.net/index_en.php?act=status.comment&csid=404&disp=resdn (last visited on February 10, 2015).

[4] Plaintiffs engaged APS International, Ltd., a company that performs international service of process, who in turn retained the services of Dillon Eustace.

Defendant argues that even if Plaintiffs complied with Article 10 of the Hague Convention, Plaintiffs failed to serve it in accordance with Irish law because Plaintiffs failed to serve the papers on the proper individual.[5]   Defendant contends that Plaintiffs failed to comply with the Ireland Rules of the Superior Courts, Order 9(II)(7), because they did not serve the head officer, clerk, treasurer, or secretary of the corporation, but instead served the receptionist. Defendants, however, fail to cite to the entire rule.  Order 9(II)(7) provides:

> In the absence of any statutory provision regulating service, every summons issued against a corporation aggregate may be served on the mayor or other head officer, or on the town clerk, clerk, treasurer, or secretary of such corporation . . . and where, by any statute, provision is made for service of any proceedings upon any corporation, or upon any society or fellowship, or any body or number of persons, whether corporate or incorporate, every summons may be served in the manner so provided.[6]

Thus, pursuant to Order 9(II)(7), if there is a statutory provision regulating service of any proceedings upon a corporation, a summons may be served in the manner provided by that statute.  Indeed, Plaintiffs contend that they effectuated service properly pursuant to the Irish Companies Act of 1963.

Pursuant to Part XV, Section 379, of the Irish Companies Act, "[a] document may be served on a company by leaving it at or sending it by post to the registered office of the company . . . ."[7] The statute does not require a specific individual to be served with the document.  Instead, the statute states that the document may be served on a company by leaving it at its registered

---

[5] In Defendant's reply, Defendant appears to abandon its previous argument that service was improper because Plaintiffs did not comply with Article 5 of the Hague Convention.

[6] Ireland Rules of the Superior Courts, Order 9(II)(7), http://www.courts.ie/rules.nsf/8652fb610b0b37a980256db700399507/e0b5fdf14c8d3ac980256d2b0046b3d1?Open Document (last visited February 10, 2015).

[7] [Irish] Companies Act, 1963, Part XV, section 379, Service of documents on a company, http://www.irishstatutebook.ie/1963/en/act/pub/0033/sec0379.html#sec379 (last visited on February 10, 2015).

office.  Plaintiffs provide evidence that they served the Complaint at Defendant's registered office.  Thus, Plaintiffs effected service in compliance with the Hague Convention and with Irish law.  Accordingly, the Court denies Defendant's motion and does not quash service of process.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Defective Service of Process (Doc. 11) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of February, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE