IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>COLERIDGE FINE ARTS, et al.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:14-cv-02303-EFM-GLR<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS COLERIDGE FINE ARTS AND JELNIKI LIMITED

COMES NOW Plaintiffs GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, hereinafter referred to as "Plaintiffs," by and through undersigned counsel of record, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, submits their First Set of Interrogatories directed to Defendants Coleridge Fine Arts and Jelniki Limited, collectively referred to hereinafter as "Plaintiffs" to be responded to according to such rules. See FED. R. CIV. P. 26, 33.

### PRELIMINARY STATEMENT

A. All portions of the "Preliminary Statement" shall be deemed to be a part of the Interrogatories to which it is attached.

B. All information is to be divulged that is in your possession or the possession of your attorneys, investigators, agents, or other representatives. In answering, you must furnish all information available to you. Where an individual interrogatory calls for an answer which involves more than one part, each part to the answer shall be clearly set out so that it is understandable.

C. If you cannot answer an interrogatory in full, after exercising thorough diligence to secure the information requested, you should so state. You must also explain to the fullest extent



possible the specific facts regarding your inability to answer an interrogatory, and you must supply whatever information or knowledge you have concerning any unanswered portion of an interrogatory.

  D. Whenever appropriate, you may refer to and attach a true and legible copy of a document that by its nature and content provides a full or partial answer to an interrogatory in lieu of separately stating the information contained in such document.

  E. Whenever in the Interrogatories a request is made to "list," "describe," or "identify" documents, those terms shall be interpreted as a request to supply separately as to each document the following information where such information is appropriate for each document: (1) the type of document (e.g. letter or notebook); (2) the date of the document, if known; (3) the date on which the document or copy thereof came to your attention; (4) the name or names of the signer or signers of the document: and the author(s), if different from the signer(s); (5) the name or names, if any, of the person or persons to whom the document is addressed; (6) the present whereabouts of the document or copy thereof and the name and address of the custodian thereof, if known; (7) whether you claim that the document is privileged or otherwise not subject to discovery; (8) a brief summary of the subject matter of the document, including a summary of the terms thereof, if a contract; (9) whether you are willing to produce the document voluntarily for inspection and copying. Whenever the listing, description or identification of documents is requested in the Interrogatories, and any such document was at one time in existence or available to you, but is no longer in existence or available to you, the following information should be supplied for each such document : (1) the date, if known, when such document was no longer in existence or available to you; (2) whether the document was destroyed and, if so, whether such destruction was intentional and then identify all persons participating in or approving the destruction or having knowledge of

either the document or its destruction, stating the role of each person; (3) if the document was destroyed, whether your attorneys were consulted, approved or had knowledge of such destruction; (4) the identity as defined herein of the person(s) known to you or believed by you to possess a copy of said document.

      F.      Whenever you are asked in the Interrogatories to name or identify a person, state the name of such person, his or her last known address and telephone number, and his or her relationship, if any, to you.

      G.      Whenever appropriate in the Interrogatories the masculine from shall be interpreted as feminine and vice-versa and the singular from shall be interpreted as plural and vice-versa.

      H.      If any interrogatory is objected to in full or in part, the objected to part or scope of the interrogatory should be identified, the reasons for objection fully stated and a complete answer to all parts and/ or scope of that interrogatory not objected to should be provided in response to the interrogatory.

      I.      Consistent with the governing procedural rules, the Interrogatories shall be deemed continuing in nature and subject to supplementation.

      J.      As used in the Interrogatories, the following definitions should be applied:

      i.      As used herein the word "document" or "documents" is used in its broadest sense and includes any written, printed, recorded, or graphic matter or sound reproductions however produced, reproduced or stored of any kind including, but not limited to, the original or any copy of correspondence, letters, e-mail, inter-office memoranda, inter-office directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, telegrams, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, statements, journals, ledgers, checks, invoices, contracts, agreements, orders,

diaries, films, film strips, magnetic or other recorded tapes, computer disks, computer hardware drives, and any other instruments and documents to which plaintiff has or had access, or which are in the possession, custody, or control of the plaintiff or his agent.

   ii. The term "person" or "persons" is used to include not only natural persons, but also firms, partnerships, limited partnerships, joint ventures, business trusts, labor unions, societies, associations, corporations, companies, and any other business entities whatsoever.

   iii. The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of the discovery request the broadest range so as to include what might otherwise be outside the discovery request.

   iv. "You", "Your", "Respondents" or "Defendants" means and refers to Defendants Coleridge Fine Arts and Jelniki Limited.

   v. "Complaint" means and refers to Plaintiffs' Complaint and all subsequently filed complaints.

   vi. "Reporting Business" means Greystone Graphics or any other entity which Respondents' held any interest in that reports/reported employee work history to the Fund pursuant to a collective bargaining agreement with any local union of the Graphic Communications International Union and/or the International Printing & Graphics Communications Union.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>COLERIDGE FINE ARTS, et al.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:14-cv-02303-EFM-GLR<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS COLERIDGE FINE ARTS AND JELNIKI LIMITED

COMES NOW Plaintiffs GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, hereinafter referred to as "Plaintiffs," by and through undersigned counsel of record, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, submits their First Set of Interrogatories directed to Defendants Coleridge Fine Arts and Jelniki Limited, collectively referred to hereinafter as "Plaintiffs" to be responded to according to such rules. See FED. R. CIV. P. 26, 33.

### PRELIMINARY STATEMENT

A.  All portions of the "Preliminary Statement" shall be deemed to be a part of the Interrogatories to which it is attached.

B.  All information is to be divulged that is in your possession or the possession of your attorneys, investigators, agents, or other representatives. In answering, you must furnish all information available to you. Where an individual interrogatory calls for an answer which involves more than one part, each part to the answer shall be clearly set out so that it is understandable.

C.  If you cannot answer an interrogatory in full, after exercising thorough diligence to secure the information requested, you should so state. You must also explain to the fullest extent



possible the specific facts regarding your inability to answer an interrogatory, and you must supply whatever information or knowledge you have concerning any unanswered portion of an interrogatory.

D. Whenever appropriate, you may refer to and attach a true and legible copy of a document that by its nature and content provides a full or partial answer to an interrogatory in lieu of separately stating the information contained in such document.

E. Whenever in the Interrogatories a request is made to "list," "describe," or "identify" documents, those terms shall be interpreted as a request to supply separately as to each document the following information where such information is appropriate for each document: (1) the type of document (e.g. letter or notebook); (2) the date of the document, if known; (3) the date on which the document or copy thereof came to your attention; (4) the name or names of the signer or signers of the document: and the author(s), if different from the signer(s); (5) the name or names, if any, of the person or persons to whom the document is addressed; (6) the present whereabouts of the document or copy thereof and the name and address of the custodian thereof, if known; (7) whether you claim that the document is privileged or otherwise not subject to discovery; (8) a brief summary of the subject matter of the document, including a summary of the terms thereof, if a contract; (9) whether you are willing to produce the document voluntarily for inspection and copying. Whenever the listing, description or identification of documents is requested in the Interrogatories, and any such document was at one time in existence or available to you, but is no longer in existence or available to you, the following information should be supplied for each such document : (1) the date, if known, when such document was no longer in existence or available to you; (2) whether the document was destroyed and, if so, whether such destruction was intentional and then identify all persons participating in or approving the destruction or having knowledge of

2

either the document or its destruction, stating the role of each person; (3) if the document was destroyed, whether your attorneys were consulted, approved or had knowledge of such destruction; (4) the identity as defined herein of the person(s) known to you or believed by you to possess a copy of said document.

  F. Whenever you are asked in the Interrogatories to name or identify a person, state the name of such person, his or her last known address and telephone number, and his or her relationship, if any, to you.

  G. Whenever appropriate in the Interrogatories the masculine from shall be interpreted as feminine and vice-versa and the singular from shall be interpreted as plural and vice-versa.

  H. If any interrogatory is objected to in full or in part, the objected to part or scope of the interrogatory should be identified, the reasons for objection fully stated and a complete answer to all parts and/ or scope of that interrogatory not objected to should be provided in response to the interrogatory.

  I. Consistent with the governing procedural rules, the Interrogatories shall be deemed continuing in nature and subject to supplementation.

  J. As used in the Interrogatories, the following definitions should be applied:

  i. As used herein the word "document" or "documents" is used in its broadest sense and includes any written, printed, recorded, or graphic matter or sound reproductions however produced, reproduced or stored of any kind including, but not limited to, the original or any copy of correspondence, letters, e-mail, inter-office memoranda, inter-office directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, telegrams, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, statements, journals, ledgers, checks, invoices, contracts, agreements, orders,

diaries, films, film strips, magnetic or other recorded tapes, computer disks, computer hardware drives, and any other instruments and documents to which plaintiff has or had access, or which are in the possession, custody, or control of the plaintiff or his agent.

      ii.      The term "person" or "persons" is used to include not only natural persons, but also firms, partnerships, limited partnerships, joint ventures, business trusts, labor unions, societies, associations, corporations, companies, and any other business entities whatsoever.

      iii.      The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of the discovery request the broadest range so as to include what might otherwise be outside the discovery request.

      iv.      "You", "Your", "Respondents" or "Defendants" means and refers to Defendants Coleridge Fine Arts and Jelniki Limited.

      v.      "Complaint" means and refers to Plaintiffs' Complaint and all subsequently filed complaints.

      vi.      "Reporting Business" means Greystone Graphics or any other entity which Respondents' held any interest in that reports/reported employee work history to the Fund pursuant to a collective bargaining agreement with any local union of the Graphic Communications International Union and/or the International Printing & Graphics Communications Union.

21.     Describe all services provided by the Respondents to the Reporting Business from 1998 through 2011.

RESPONSE:

22.     State the positions held by James Lloyd in the Respondents and the Reporting Business from 1998 through 2011. For each position held, please state the dates the position was held and describe the job duties performed.

RESPONSE:

23.     State the positions held by Eugene Reynolds in the Respondents and the Reporting Business from 1998 through 2011. For each position held, please state the dates the position was held and describe the job duties performed.

RESPONSE:

24.     State whether Eugene Reynolds, James Lloyd, or any other person on behalf of either or both of the Respondents travelled to the Kansas City, Kansas or Kansas City, Missouri metropolitan areas from 1998 to the present. If so, please state the following: (a) the person who traveled to the area, (b) the dates the travel took place, (c) the purpose of the travel, and (d) identify any notes, e-mails, receipts of travel, or any other documents associated with the identified person's travel to the Kansas City metropolitan area and purpose of that travel.

RESPONSE:

25.     Please state the current location of the Greystone Graphics, Inc.'s corporate records and payroll records.

RESPONSE:

Dated: December 13, 2017

/s/ Michael E. Amash
Michael E. Amash
KS Bar No. 22998
Blake & Uhlig, P.A.
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone: 913-321-8884
Facsimile: 913-321-2396
mea@blake-uhlig.com

ATTORNEYS FOR PLAINTIFFS