IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GCIU-EMPLOYER RETIREMENT FUND  )
AND BOARD OF TRUSTEES OF THE GCIU-  )
EMPLOYER RETIREMENT FUND,  )
  )
         Plaintiffs,  )
  )    Case No. 2:14-cv-02303-EFM-GLR
v.  )
  )
COLERIDGE FINE ARTS, et al.  )
  )
         Defendant.  )

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS COLERIDGE FINE ARTS AND JELNIKI LIMITED

COMES NOW Plaintiffs GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, hereinafter referred to as "Plaintiffs," by and through undersigned counsel of record, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, submits their First Requests for Production of Documents directed to Defendants Coleridge Fine Arts and Jelniki Limited, collectively referred to hereinafter as "Plaintiffs" to be responded to according to such rules.  See FED. R. CIV. P. 26, 34.

## DEFINITIONS

A.     As used herein the word "document" or "documents" is used in its broadest sense and includes any written, printed, recorded, or graphic matter or sound reproductions however produced, reproduced or stored of any kind including, but not limited to, the original or any copy of correspondence, letters, e-mail, inter-office memoranda, inter-office directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, telegrams, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, statements, journals, ledgers, checks, invoices, contracts, agreements, orders,

1



diaries, films, film strips, magnetic or other recorded tapes, computer disks, computer hardware drives, and any other instruments and documents to which plaintiff has or had access, or which are in the possession, custody, or control of the plaintiff or his agent.

B.      The word "communication" shall mean and include any transmission or exchange of information between two or more persons, whether orally or in writing, including, without limitation, any conversation or discussion by means of letter, notes, memorandum, inter-office correspondence, intra-office correspondence, telephone, telegraph, telex, telecopies, cable, computer, or face-to-face conversation.

C.      The words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of the discovery request the broadest range so as to include what might otherwise be outside the discovery request.

D.      "You", "Your" or "Respondents" means and refers to Defendants Coleridge Fine Arts and Jelniki Limited.

E.      "Reporting Business" means Greystone Graphics or any other entity which Respondents' held any interest in that reports/reported employee work history to the Fund pursuant to a collective bargaining agreement with any local union of the Graphic Communications International Union and/or the International Printing & Graphics Communications Union.

F.      "Complaint" means and refers to Plaintiffs' Complaint and all subsequently filed complaints.

## INSTRUCTIONS

A.      Please produce the documents in such a manner as they are organized and labeled to correspond with the categories in the Request, that is to say, by Request number and item designation under each Request number.

2

B.     As required by the governing procedural rules, this Request for Production shall be deemed continuing in nature, so as to require you to supplement any production should you obtain or become aware of any further documents responsive to this Request.  This Request refers to documents in your possession, custody, or control or in the possession, custody, or control of you agents or representatives.

C.     If you claim documents are privileged or that a request calls for certain documents for which you claim a privilege, please state the privilege with particularity and identify the specific documents for which you assert such privilege by stating the author, recipient, date, and general nature of the document so that the applicability of any claimed privilege can be discerned.  To the extent a request describes both privileged and non-privileged documents, you will be expected to produce the non-privileged documents notwithstanding your claim of privilege for other documents.

## DOCUMENTS TO BE PRODUCED

1.      All documents and communications which you identified, referred to, or upon which you relied, or which you reviewed or used (other than documents created by retained counsel and designated privileged work product) in considering and preparing your answers to the Plaintiffs' First Set of Interrogatories Directed to Defendants.

RESPONSE:


2.      All documents and communications which you referred or upon which you relied, or which you reviewed or used (other than documents created by retained counsel and designated privileged work product) in considering and preparing your Motion to Dismiss Plaintiffs' Complaint for Lack of Jurisdiction and any memorandums and affidavits in support of the Motion to Dismiss Plaintiffs' Complaint.

RESPONSE:


3.      Any letters, correspondence, faxes, e-mails or similar communications or documents exchanged between Responding Parties and/or the Reporting Business and Plaintiffs from 1998 through 2011.

RESPONSE:


4.      Any letters, correspondence, faxes, e-mails or similar communications or documents exchanged between Responding Parties and/or the Reporting Business and local unions of the Graphic Communications International Union and/or the International Printing & Graphics Communication Union from 1998 through 2011

RESPONSE:

5.      Any letters, correspondence, faxes, e-mails or similar communications or documents exchanged between Responding Parties and the Reporting Business pertaining to collective bargaining negotiations or agreements with local unions of the Graphic Communications International Union and/or the International Printing & Graphics Communication Union from 1998 through 2011.

RESPONSE:

4.      Any notes, logs, diaries, calendars, audio or video recordings, photographs or other records of events kept by Respondents pertaining to the Reporting Business's collective bargaining negotiations or agreements with local unions of the Graphic Communications International Union and/or the International Printing & Graphics Communication Union from 1998 through 2011.

RESPONSE:

5.      Any documents Respondents believe support or evidence Respondents' argument that James Lloyd was not involved with running the business of the Reporting Business.

RESPONSE:

6.      Any documents Respondents believe support or evidence Respondents' argument that Eugene Reynolds was not involved with running the business of the Reporting Business.

RESPONSE:

7.      Any documents in which any representative of either or both Respondents discussed the acquisition of the Reporting Business and its operations.

RESPONSE:


8.      Any documents in which any representative of either or both Respondents discussed collective bargaining negotiations or agreements between the Reporting Business and with local unions of the Graphic Communications International Union and/or the International Printing & Graphics Communication Union.

RESPONSE:


9.      Any documents in which any representative of either or both Respondents discussed the closing of the Reporting Business and the actual assessment of or the potential for the assessment of withdrawal liability to the Reporting Business from the Plaintiffs.

RESPONSE:


10.     Please produce a privilege log for all documents withheld on the basis of privilege that were otherwise subject to disclosure pursuant to these Requests for Production or under Rule 26(a)(1).  Please ensure the privilege log produced is in accordance with Instructions, ¶ C above.

RESPONSE:


11.     Any notes, e-mails, receipts of travel, or any other documents associated with travel and/or business performed in the Kansas City, Kansas and/or Kansas City, Missouri metropolitan area from 1998 to the present.

6

RESPONSE:


12.    All corporate records and payroll audit records of Greystone Graphics, Inc. from

November 1, 2008 to the present.

RESPONSE:


Dated: December 13, 2017


/s/ Michael E. Amash
    Michael E. Amash
    KS Bar No. 22998
    Blake & Uhlig, P.A.
    753 State Avenue, Suite 475
    Kansas City, Kansas 66101
    Telephone: 913-321-8884
    Facsimile: 913-321-2396
    mea@blake-uhlig.com

    ATTORNEYS FOR PLAINTIFFS