## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GCIU-EMPLOYER RETIREMENT FUND
AND BOARD OF TRUSTEES OF THE GCIU-
EMPLOYER RETIREMENT FUND,                )
                                         )
                                         )
                                         )
                       Plaintiffs,       )
                                         )   Case No. 2:14-cv-02303-EFM-GLR
v.                                       )
                                         )
COLERIDGE FINE ARTS, et al.,             )
                                         )
                       Defendants.       )

### DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFFS'
### FIRST SET OF INTERROGATORIES

Defendants Coleridge Fine Arts ("Coleridge") and Jelniki Limited ("Jelniki") (collectively "Defendants") provide the following objections and answers to Plaintiffs' First Set of Interrogatories to Defendants.

### PRELIMINARY STATEMENT

Defendants, by and through the undersigned counsel, state that all of the responses to this discovery are based only upon information presently available and specifically known by Defendants. Further discovery and investigation may disclose additional facts and add meaning to known facts, all of which may lead to additions to, changes in, and variations from, the responses set forth herein. The following responses are given without prejudice to Defendants' right to produce evidence of any subsequently discovered fact or facts. Defendants accordingly reserve the right to amend any and all responses herein as additional information becomes known. All responses are made without in any way waiving or intending to waive: (a) all objections as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action; (b) the right to object to the use of any of these responses, or the subject matter thereof, in any subsequent



proceeding or in trial of this or any other action; (c) the right to elicit appropriate evidence, beyond the discovery responses themselves, regarding subjects referred to in response to any discovery request; and (d) the right at any time to supplement or modify any of the responses set forth below.

## GENERAL OBJECTIONS

Defendants set forth the following General Objections that apply to each and every one of the Plaintiff's First Interrogatories.  Their General Objections are set forth here for convenience and are not necessarily repeated after each individual interrogatory to which these objections apply.  Rather, the General Objections are asserted here as they apply to each interrogatory in addition to, and without having waived, any answers, responses, or additional objections that are also set forth in response to each individual interrogatory below.

1.      Defendants object to each and every interrogatory to the extent that they purport to impose obligations which are inconsistent with or in addition to those set forth in the Federal Rules of Civil Procedure.

2.      Defendants object to each and every interrogatory to the extent that they seek confidential and/or proprietary information.

3.      Defendants object to each and every interrogatory to the extent that they require Defendant to furnish or produce any information or documents protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege.

4.      Defendants object to each and every interrogatory to the extent that they seek information that is not in Defendant's possession, custody or control.

5.      Defendants object to each and every interrogatory to the extent that they are vague and ambiguous or contain undefined terms.

080186/483561-61390000.3

6.     Defendants object to each and every interrogatory on the grounds and to the extent that they seek information and documents outside the scope of the allegations against Defendant contained in Plaintiff's Petition.

Subject to and without waiving these General Objections, and subject to and without waiving the specific objections noted below, Defendants respond as follows:

## INTERROGATORIES

1.     Please identify all persons answering or providing responses to these Interrogatories by providing the person's name, address, telephone number, and relationship to the Defendants.

**ANSWER**:

**Defendants object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the party investigative privilege, and/or the attorney work product doctrine. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:**

**The information gathered to provide the answers to these interrogatories was collected from public records and Defendants' records with the input of numerous individuals, including Eugene Reynolds, who is signing the Verification.**

2.     What are the Respondents' current full names, assumed names, and addresses?

**ANSWER**:

| | |
|---|---|
| Name: | Coleridge Fine Arts Unlimited Company |
| Assumed Name: | |
| Address: | Units 6-11 Eklad Park |
| | Malahide Road Industrial Park |
| | Dublin 17, Ireland |

| | |
|---|---|
| Name: | Jelniki Limited |
| Assumed Name: | |
| Address: | Units 6-11 Eklad Park |
| | Malahide Road Industrial Park |
| | Newtown, Dublin 17, Ireland |

080186/483561-61390000.3

3.      State whether the Respondents' have IRS Employer Identification Numbers.  If so, please provide the IRS Employer Identification Numbers.

**ANSWER:**

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants do not have an IRS Employer Identification Number.

4.      What were the relationships between the Respondents and Respondents and the Reporting Business from 1998 through 2011?

**ANSWER:**

Defendants object to this interrogatory as overly broad because it is not reasonably limited in time scope.  Defendants further object to the phrase "relationships" as vague because Defendants cannot reasonably ascertain what meaning Plaintiffs ascribe to the phrase.  Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; s*ee Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendant Jelniki owns nearly 100% of Defendant Coleridge Fine Arts.  Defendant Colerdige Fine Arts owned JDV, Inc.  From 1998 through 2002, John Surdez and JDV, Inc. each had a 50% ownership interest in Greystone Graphics.  In 2002, Mr. Surdez exercised a purchase option that required JDV, Inc. to purchase his entire ownership interest, leaving JDV, Inc. with a 100% ownership interest in Greystone Graphics.  Defendants direct Plaintiff to Coleridge 000001-000358, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

5.      For each Respondent, please state what type of business is the Respondent?

4

ANSWER:

Defendant Coleridge Fine Arts is a private unlimited company organized under the laws of Ireland. Defendant Jelniki is a private company limited by shares and organized under the laws of Ireland.

6.     Please list the names, addresses, and relationship to Respondents of all of the principals or owners of each Respondent from 1998 through 2011.

ANSWER:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks confidential information about Defendants. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12.     Defendants further object to the extent responding to this interrogatory would force it to violate the data protection laws of Ireland and the European Union. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants direct Plaintiff to Coleridge 000069-358, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

7.     If either of the Respondents is a corporation, an "S" corporation or a limited liability corporation, complete the following items.

ANSWER:

Defendants object to this interrogatory as vague as to the terms "S" corporation and "limited liability corporation." Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day

080186/483561-61390000.3

management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Neither Defendant is an "S" corporation or a limited liability corporation as they are organized under Irish law, and not organized under the law of any state in the United States.   Irish law does not provide for an "S" corporation or a "limited liability corporation."

8.      Identify all persons or entities who own or control 5% or more of the voting and/or non-voting shares of stock of Respondent [sic] and also of Reporting Business from 1998 through 2011.

ANSWER:

Defendants object to this interrogatory as overly broad because it is not reasonably limited in time scope and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; see Shaffer v. Heitner, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.  Defendants further object to the extent responding to this interrogatory would force it to violate the data protection laws of Ireland and the European Union.  Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information from Reporting Business.  Defendants further object to the phrases "voting and/or non-voting shares of stock" and "Respondent [sic] and al of Reporting Business" as vague. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

There is no entity or individual who owns or controls both 5% or more of the voting and/or non-voting shares of the stock of Defendants and also Greystone Graphics from 1998 through 2011.

9.      For each of the persons identified in the Respondents' answers to Interrogatories 6 through 9 [sic], please state whether any of these individuals also held a position with the Reporting Business from 1998 through 2011?  If yes, please list the name, address, telephone number, position held, and the length of time the position was held.

**ANSWER**:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks confidential and private information about individuals who are not a party to this lawsuit and not limited to a reasonable time scope.  Defendants further object to the phrase "held a position with" as vague.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.  Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; s*ee Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further object to the extent responding to this interrogatory would force it to violate the data protection laws of Ireland and the European Union.  Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information from Reporting Business.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants are not aware of any of their employees also being employed by Greystone Graphics. Defendants further direct Plaintiff to Coleridge 000029-068, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

10.     For the period from 1998 through 2011, please list all parent organizations of each Respondent and also of the Reporting Business, describe the relationship, and identify the time period during which the parent held such interest.

**ANSWER**:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable time scope. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.  Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; s*ee Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it

080186/483561-61390000.3

seeks information from Reporting Business.  Defendants further object to the phrase "of each Respondent and also of the Reporting Business" and "interest" as vague.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

No organization was a parent company to either Defendant and also Greystone Graphics.

11.    From 1998 through 2011, please list all entities which were ever owned or controlled by any parent organization or principals of each Respondent and also of the Reporting Business, describe the relationship, and identify the time period during which the parent or principals held such interest.

ANSWER:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable time scope.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.  Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; s*ee Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further object to the phrase "of each Respondent and also of the Reporting Business" and "interest" as vague.  Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information from Reporting Business.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

No entity was a parent organization or principle of either Defendant and also Greystone Graphics.  No entity was ever owned or controlled by any parent organization or principle of either Defendant and also Greystone Graphics.

12.    What was the full name and address(es) of the Reporting Business from 1998 through 2011 and the Reporting Business's IRS Employer Identification Number?

ANSWER:

080186/483561-61390000.3

Defendants object to this interrogatory to the extent it seeks information that is not in their care custody or control.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further state that is information is publically available through the Kansas Secretary of State website.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants direct Plaintiff to Coleridge 000029-068, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

13.     What type of business is the Reporting Business?

ANSWER:

Defendants object to this interrogatory to the extent it seeks information that is not in their care custody or control.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Greystone Graphics is no longer an active business and therefore has no organizational structure.

14.     If Reporting Business is a sole proprietorship, partnership or limited partnership, list the names and addresses of all of the principals of Reporting Business from 1998 through 2011.

ANSWER:

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GCIU-EMPLOYER RETIREMENT FUND
AND BOARD OF TRUSTEES OF THE GCIU-
EMPLOYER RETIREMENT FUND,

          Plaintiffs,

v.

COLERIDGE FINE ARTS, et al.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 2:14-cv-02303-EFM-GLR

### DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFFS'
### FIRST SET OF INTERROGATORIES

    Defendants Coleridge Fine Arts ("Coleridge") and Jelniki Limited ("Jelniki") (collectively "Defendants") provide the following objections and answers to Plaintiffs' First Set of Interrogatories to Defendants.

### PRELIMINARY STATEMENT

    Defendants, by and through the undersigned counsel, state that all of the responses to this discovery are based only upon information presently available and specifically known by Defendants. Further discovery and investigation may disclose additional facts and add meaning to known facts, all of which may lead to additions to, changes in, and variations from, the responses set forth herein. The following responses are given without prejudice to Defendants' right to produce evidence of any subsequently discovered fact or facts. Defendants accordingly reserve the right to amend any and all responses herein as additional information becomes known. All responses are made without in any way waiving or intending to waive: (a) all objections as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action; (b) the right to object to the use of any of these responses, or the subject matter thereof, in any subsequent



proceeding or in trial of this or any other action; (c) the right to elicit appropriate evidence, beyond the discovery responses themselves, regarding subjects referred to in response to any discovery request; and (d) the right at any time to supplement or modify any of the responses set forth below.

## **GENERAL OBJECTIONS**

Defendants set forth the following General Objections that apply to each and every one of the Plaintiff's First Interrogatories.  Their General Objections are set forth here for convenience and are not necessarily repeated after each individual interrogatory to which these objections apply.  Rather, the General Objections are asserted here as they apply to each interrogatory in addition to, and without having waived, any answers, responses, or additional objections that are also set forth in response to each individual interrogatory below.

1.      Defendants object to each and every interrogatory to the extent that they purport to impose obligations which are inconsistent with or in addition to those set forth in the Federal Rules of Civil Procedure.

2.      Defendants object to each and every interrogatory to the extent that they seek confidential and/or proprietary information.

3.      Defendants object to each and every interrogatory to the extent that they require Defendant to furnish or produce any information or documents protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege.

4.      Defendants object to each and every interrogatory to the extent that they seek information that is not in Defendant's possession, custody or control.

5.      Defendants object to each and every interrogatory to the extent that they are vague and ambiguous or contain undefined terms.

2

6.      Defendants object to each and every interrogatory on the grounds and to the extent that they seek information and documents outside the scope of the allegations against Defendant contained in Plaintiff's Petition.

Subject to and without waiving these General Objections, and subject to and without waiving the specific objections noted below, Defendants respond as follows:

## INTERROGATORIES

1.      Please identify all persons answering or providing responses to these Interrogatories by providing the person's name, address, telephone number, and relationship to the Defendants.

**ANSWER**:

**Defendants object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the party investigative privilege, and/or the attorney work product doctrine. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:**

**The information gathered to provide the answers to these interrogatories was collected from public records and Defendants' records with the input of numerous individuals, including Eugene Reynolds, who is signing the Verification.**

2.      What are the Respondents' current full names, assumed names, and addresses?

**ANSWER**:

| | |
|---|---|
| Name: | Coleridge Fine Arts Unlimited Company |
| Assumed Name: | |
| Address: | Units 6-11 Eklad Park |
| | Malahide Road Industrial Park |
| | Dublin 17, Ireland |

| | |
|---|---|
| Name: | Jelniki Limited |
| Assumed Name: | |
| Address: | Units 6-11 Eklad Park |
| | Malahide Road Industrial Park |
| | Newtown, Dublin 17, Ireland |

3

3.      State whether the Respondents' have IRS Employer Identification Numbers.  If

so, please provide the IRS Employer Identification Numbers.

**ANSWER**:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants do not have an IRS Employer Identification Number.

4.      What were the relationships between the Respondents and Respondents and the

Reporting Business from 1998 through 2011?

**ANSWER**:

Defendants object to this interrogatory as overly broad because it is not reasonably limited in time scope.  Defendants further object to the phrase "relationships" as vague because Defendants cannot reasonably ascertain what meaning Plaintiffs ascribe to the phrase.  Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; s*ee Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendant Jelniki owns nearly 100% of Defendant Coleridge Fine Arts.  Defendant Colerdige Fine Arts owned JDV, Inc.  From 1998 through 2002, John Surdez and JDV, Inc. each had a 50% ownership interest in Greystone Graphics.  In 2002, Mr. Surdez exercised a purchase option that required JDV, Inc. to purchase his entire ownership interest, leaving JDV, Inc. with a 100% ownership interest in Greystone Graphics.  Defendants direct Plaintiff to Coleridge 000001-000358, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

5.      For each Respondent, please state what type of business is the Respondent?

4

ANSWER:

Defendant Coleridge Fine Arts is a private unlimited company organized under the laws of Ireland. Defendant Jelniki is a private company limited by shares and organized under the laws of Ireland.

6.      Please list the names, addresses, and relationship to Respondents of all of the principals or owners of each Respondent from 1998 through 2011.

ANSWER:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks confidential information about Defendants. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12.     Defendants further object to the extent responding to this interrogatory would force it to violate the data protection laws of Ireland and the European Union. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants direct Plaintiff to Coleridge 000069-358, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

7.      If either of the Respondents is a corporation, an "S" corporation or a limited liability corporation, complete the following items.

ANSWER:

Defendants object to this interrogatory as vague as to the terms "S" corporation and "limited liability corporation." Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day

5

management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. **Doc. 59, p. 12.** Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Neither Defendant is an "S" corporation or a limited liability corporation as they are organized under Irish law, and not organized under the law of any state in the United States. Irish law does not provide for an "S" corporation or a "limited liability corporation."

8.     Identify all persons or entities who own or control 5% or more of the voting

and/or non-voting shares of stock of Respondent [sic] and also of Reporting Business from 1998

through 2011.

**ANSWER:**

Defendants object to this interrogatory as overly broad because it is not reasonably limited in time scope and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. **Doc. 59, p. 7-8;** *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. **Doc. 59, p. 12.** Defendants further object to the extent responding to this interrogatory would force it to violate the data protection laws of Ireland and the European Union. Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information from Reporting Business. Defendants further object to the phrases "voting and/or non-voting shares of stock" and "Respondent [sic] and al of Reporting Business" as vague. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

There is no entity or individual who owns or controls both 5% or more of the voting and/or non-voting shares of the stock of Defendants and also Greystone Graphics from 1998 through 2011.

9.     For each of the persons identified in the Respondents' answers to Interrogatories 6

through 9 [sic], please state whether any of these individuals also held a position with the

Reporting Business from 1998 through 2011?  If yes, please list the name, address, telephone

number, position held, and the length of time the position was held.

6

**ANSWER:**

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks confidential and private information about individuals who are not a party to this lawsuit and not limited to a reasonable time scope. Defendants further object to the phrase "held a position with" as vague. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object to the extent responding to this interrogatory would force it to violate the data protection laws of Ireland and the European Union. Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information from Reporting Business. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants are not aware of any of their employees also being employed by Greystone Graphics. Defendants further direct Plaintiff to Coleridge 000029-068, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

10.     For the period from 1998 through 2011, please list all parent organizations of each Respondent and also of the Reporting Business, describe the relationship, and identify the time period during which the parent held such interest.

**ANSWER:**

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable time scope. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it

7

seeks information from Reporting Business.  Defendants further object to the phrase "of each Respondent and also of the Reporting Business" and "interest" as vague.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

No organization was a parent company to either Defendant and also Greystone Graphics.

11.     From 1998 through 2011, please list all entities which were ever owned or controlled by any parent organization or principals of each Respondent and also of the Reporting Business, describe the relationship, and identify the time period during which the parent or principals held such interest.

ANSWER:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable time scope.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.  Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; s*ee Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further object to the phrase "of each Respondent and also of the Reporting Business" and "interest" as vague.  Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information from Reporting Business.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

No entity was a parent organization or principle of either Defendant and also Greystone Graphics.  No entity was ever owned or controlled by any parent organization or principle of either Defendant and also Greystone Graphics.

12.     What was the full name and address(es) of the Reporting Business from 1998 through 2011 and the Reporting Business's IRS Employer Identification Number?

ANSWER:

8

Defendants object to this interrogatory to the extent it seeks information that is not in their care custody or control.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further state that is information is publically available through the Kansas Secretary of State website.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants direct Plaintiff to Coleridge 000029-068, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

13.    What type of business is the Reporting Business?

**ANSWER**:

Defendants object to this interrogatory to the extent it seeks information that is not in their care custody or control.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Greystone Graphics is no longer an active business and therefore has no organizational structure.

14.    If Reporting Business is a sole proprietorship, partnership or limited partnership,

list the names and addresses of all of the principals of Reporting Business from 1998 through

2011.

**ANSWER**:

9

Defendants object to this interrogatory to the extent it seeks information that is not in their care custody or control. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Greystone Graphics is no longer an active business.

15.   If Reporting Business is a corporation, an "S" corporation or a limited liability corporation, complete the following items.

ANSWER:

Defendants object to this interrogatory to the extent it seeks information that is not in their care custody or control. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Greystone Graphics is no longer an active business.

16.   Identify all persons or entities who own or control 5% or more of the voting and/or non-voting shares of stock from 1998 through 2011.

ANSWER:

Defendants object to this interrogatory as overly broad because it is not reasonably limited in time scope. Defendants further object to this interrogatory as vague as it is unclear which entity it seeks information about.

080186/483561-61390000.3

17.     From 1998 through 2011, please identify all other entities in which Reporting Business ever held an ownership interest, describe the interest and identify the time period during which Reporting Business held such interest.

**ANSWER**:

Defendants object to this interrogatory as overly broad because it is not reasonably limited in time scope. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object to this interrogatory to the extent it seeks information that is not in their care custody or control. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants direct Plaintiff to Coleridge 000029-068, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

18.     For the period from 1998 through 2011, please list all entities which were ever owned or controlled by any parent organization or principals of Reporting Business, describe the relationship and identify the time period during which the parent or principals held such interest.

**ANSWER**:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable time scope and request information related to "all entities" that are not a party to this lawsuit. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; *see Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object to the phrase "any parent organization or principals" and "interest" as vague. Defendants

11

further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information from Reporting Business and other parties that are not named in this lawsuit.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants do not have personal knowledge of other entities owned or controlled by John Surdez, who had a 50% ownership interest in Greystone Graphics from 1998-2002. JDV, Inc. owned Greystone Graphics and Greystone Investment Inc.  Defendants direct Plaintiff to Coleridge 000001-358, which are publically available documents that are equally accessible to Plaintiff, but provided here as a professional courtesy.

19.     Identify all other entities involved in any merger, consolidation, or reorganization, however affected, with Reporting Business from 1998 through 2011.  Include any division or liquidation into a parent organization.

ANSWER:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.  Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case.  Doc. 59, p. 7-8; see Shaffer v. Heitner, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction).  Defendants further object to the phrase "however affected" as vague.  Defendants further object that it seeks confidential information about third parties and is not reasonably limited in time.  Defendants further state it seeks information that is not in their care, custody or control.   Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Greystone Graphics was not involved in any merger, consolidation, or reorganization between 1998 and 2011.  In 1998, Vile-Goller Fine Arts Printing and Lithographing Company and Constable-Hodgins Printing Company, Inc. merged to form Greystone Graphics.  Employer Identification Numbers and addresses are publically available through the Kansas Secretary of State's website.

20.     Did either Respondent ever direct any of its goods or services to the United States between 1998 and 2011?  If so, please state the activities performed, when the activities were performed, and identify the goods and services.

**ANSWER:**

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not reasonably limited in time. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as it is directed towards the Defendants' corporate structure and the Tenth Circuit explicitly rejected this argument in its Order and Judgment in this case. Doc. 59, p. 7-8; s*ee Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977) (mere ownership interest in an entity in the forum is insufficient to establish jurisdiction). Defendants further object to this interrogatory as it calls for a legal conclusion. Defendants further object to the phrase "direct any goods or services" as vague because Defendants cannot reasonably ascertain what meaning Plaintiffs ascribe to the phrase. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Neither Defendant directed any of its good or services to the United States between 1998 and 2011.

21.    Describe all services provided by the Respondents to the Reporting Business from 1998 through 2011.

**ANSWER:**

Defendants object to this interrogatory as overly broad and unduly burdensome as it requests "all" services and is not limited to a reasonable time scope. Defendants further object to the phrase "services" as vague because Defendants cannot reasonably ascertain what meaning Plaintiffs ascribe to the phrase. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Defendants did not provide any services to Greystone Graphics.

22.    State the positions held by James Lloyd in the Respondents and the Reporting Business from 1998 through 2011. For each position held, please state the dates the position was held and describe the job duties performed.

**ANSWER:**

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not reasonably limited in time. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners,

13

directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Defendants further state it seeks information that is not in their care, custody or control.  Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Mr. Lloyd never held a position with Defendants.  From 1998-2002, Mr. Lloyd was the treasurer and responsible for finances.  He was appointed by Mr. Surdez to this position. He was then General Manager from Greystone Graphics from 2002-2011, responsible for the management and financial control of Greystone.  He was also the Treasurer and a Director for Greystone Graphics.

23.    State the positions held by Eugene Reynolds in the Respondents and the Reporting Business from 1998 through 2011.  For each position held, please state the dates the position was held and describe the job duties performed.

ANSWER:

Defendants object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not reasonably limited in time.  Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case.  Doc. 59, p. 12.   Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Eugene Reynolds was never employed with Greystone Graphics.  In his personal capacity, he served on the Board of Directors for Greystone Graphics; he served as Secretary to the Board of Directors from 1998-2005.  From 2005-2011, he served as the President of the Board of Directors.

Eugene Reynolds is the Director of Coleridge Fine Arts and Jelniki.

24.    State whether Eugene Reynolds, James Lloyd, or any other person on behalf of either or both of the Respondents travelled to the Kansas City, Kansas or Kansas City, Missouri metropolitan areas from 1998 to the present.  If so, please state the following: (a) the person who traveled to the area, (b) the dates the travel took place, (c) the purpose of the travel, and (d) identify any notes, e-mails, receipts of travel, or any other documents associated with the identified person's travel to the Kansas City metropolitan area and purpose of that travel.

14

**ANSWER**:

Defendants object to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as it is not reasonably limited in time and asks for "any" documents related to travel for "any" representative of either Defendant. Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information regarding James Lloyd. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

James Lloyd was not employed by Defendants and did not travel on behalf of either Defendants. Mr. Reynolds traveled to Kansas City, Kansas and Kansas City, Missouri from 1998-2011 to visit with personal friends. Mr. Reynolds also traveled to Kansas City, Kansas and Kansas City, Missouri during the period from 1998-2011, not to provide direction to Greystone, but to be aware of how Greystone was performing as Defendants had invested in Greystone.

25.     Please state the current location of the Greystone Graphics, Inc.'s corporate

records and payroll records.

**ANSWER**:

Defendants object to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object that this interrogatory seeks information that is not in its care, custody or control as it seeks information from Reporting Business. Defendants further object to the phrase "current location," "corporate records" and "payroll records" as vague. Subject to its general and specific objections, and without waiving the same, Defendants provide the following answer:

Upon information and belief, documents remaining from Greystone Graphics' existence are being stored in or around Kansas City. Defendants reserve the right to amend, supplement, or correct its answers and responses based upon its continuing investigation, information learned during discovery, and as otherwise necessary.

080186/483561-61390000.3

Respectfully submitted,

POLSINELLI PC

By:/s/ *Kaitlin E. Gallen*
      ROBERT J. HINGULA  (#22203)
      KAITLIN E. GALLEN (#65913)
      900 W. 48th Place, Suite 900
      Kansas City, MO 64112
      (816) 753-1000
      Fax No.: (816) 753-1536
      rhingula@polsinelli.com
      kgallen@polsinelli.com

ATTORNEYS FOR DEFENDANTS
COLERIDGE FINE ARTS AND JELNIKI
LIMITED

080186/483561-61390000.3

### DEFENDANT'S SWORN SIGNATURE

STATE OF _*IRELAND*_ )

                              ) ss.

COUNTY OF _*DUBLIN (@)*_ )

I, _*EUGENE REYNOLDS*_, who is presently in the employ of Defendant

Jelniki Limited in the capacity of _*DIRECTOR*_, am a duly

authorized representative of Jelniki Limited, and being of lawful age, duly sworn, and of sound

mind, state that the foregoing answers to interrogatories are true and correct to the best of

knowledge and belief.

_Signature_

The foregoing answers to interrogatories were subscribed and sworn to before me this

_*19*_ day of _*January*_, 2018.

_Notary Public_

My Commission Expires:

_*For Life*_

## DEFENDANT'S SWORN SIGNATURE

STATE OF _IRELAND_ )

    ) ss.

COUNTY OF _DUBLIN_ )

I, _Eugene Rymer_ , who is presently in the employ of Defendant

Coleridge Fine Arts in the capacity of _DIRECTOR_ , am a duly

authorized representative of Coleridge Fine Arts, and being of lawful age, duly sworn, and of

sound mind, state that the foregoing answers to interrogatories are true and correct to the best of

knowledge and belief.

_____
Signature

The foregoing answers to interrogatories were subscribed and sworn to before me this

_19_ day of _January_ , 2018.   _Vincent Shannon_
                              _____
                              Notary Public

My Commission Expires:

_For Life_

I certify this is an original document and
has been signed in my presence.
_____
VINCENT SHANNON
NOTARY PUBLIC
29 Main Street, Swords,
County Dublin, Ireland.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (____) United States Mail, postage prepaid; (____) ECF Notification System; ( X ) E-mail; (____) Federal Express; and/or (____) Hand Delivery this 19th day of January, 2018, to:

Michael Amash, Esq.
Blake & Uhlig, PA
753 State Avenue, Suite 475
Kansas City, KS  66101
913-321-8884
Fax:  913-321-2396
mea@blake-uhlig.com

Thomas J. Brady, Esq. (admitted *pro hac vice*)
Donaldson & Cornwell
1017 East Grand Avenue
Escondido, CA 92025
760-747-1100
Fax: 760-747-1188
tbrady@donaldsonandcornwell.com
ATTORNEYS FOR PLAINTIFF

*/s/ Kaitlin E. Gallen*_____

19