IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GCIU-EMPLOYER RETIREMENT FUND   )
AND BOARD OF TRUSTEES OF THE GCIU-   )
EMPLOYER RETIREMENT FUND,   )
    )
          Plaintiffs,   )
    )   Case No. 2:14-cv-02303-EFM-GLR
v.   )
    )
COLERIDGE FINE ARTS, et al.,   )
    )
          Defendants.   )

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants Coleridge Fine Arts ("Coleridge") and Jelniki Limited ("Jelniki") (collectively "Defendants") provide the following objections and responses to Plaintiffs' First Requests for Production of Documents.

### PRELIMINARY STATEMENT

Defendants, by and through the undersigned counsel, state that all of the responses to this discovery are based only upon information presently available and specifically known by Defendants. Further discovery and investigation may disclose additional facts and add meaning to known facts, all of which may lead to additions to, changes in, and variations from, the responses set forth herein. The following responses are given without prejudice to Defendants' right to produce evidence of any subsequently discovered fact or facts. Defendants accordingly reserve the right to amend any and all responses herein as additional information becomes known. All responses are made without in any way waiving or intending to waive: (a) all objections as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding or in the trial of this or any other action; (b) the right to object to the use of any of these responses, or the subject matter thereof, in any subsequent



proceeding or in trial of this or any other action; (c) the right to elicit appropriate evidence, beyond the discovery responses themselves, regarding subjects referred to in response to any discovery request; and (d) the right at any time to supplement or modify any of the responses set forth below.

## GENERAL OBJECTIONS

Defendants' responses are expressly made subject to and without waiving each of the following objections:

1.    Defendants object to each and every document request to the extent that they purport to impose obligations which are inconsistent with or in addition to those set forth in the Federal Rules of Civil Procedure.

2.    Defendants object to each and every document request to the extent that they seek confidential and/or proprietary information.

3.    Defendants object to each and every document request to the extent that they require Defendants to furnish or produce any information or documents protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege.

4.    Defendants object to each and every document request to the extent that they seek information that is not in Defendants' possession, custody or control.

5.    Defendants object to each and every document request to the extent that they are vague and ambiguous or contain undefined terms.

6.    Defendants object to each and every document request on the grounds and to the extent that they seek information and documents outside the scope of the allegations against Defendants contained in Plaintiffs' Petition.

7.    Defendants consider all documents being produced or that will be provided to be confidential.  Defendants are producing these documents contingent upon Plaintiff agreeing to

2

only use the documents in this case, and to keep them confidential. If Plaintiff does not agree to this contingency, then he shall return the documents immediately.

Subject to and without waiving these General Objections, and subject to and without waiving the specific objections noted below, Defendants respond as follows:

## DOCUMENTS TO BE PRODUCED

1.     All documents and communications which you identified, referred to, or upon which you relied, or which you reviewed or used (other than documents created by retained counsel and designated privileged work product) in considering and preparing your answers to the Plaintiffs' First Set of Interrogatories Directed to Defendants.

**RESPONSE**:

**Defendants object to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:**

**Non-privileged documents that Defendants relied upon will be provided with these responses.**

2.     All documents and communications which you referred [sic] or upon which you relied, or which you reviewed or used (other than documents created by retained counsel and designated privileged work product) in considering and preparing your Motion to Dismiss Plaintiffs' Complaint for Lack of Jurisdiction and any memorandums and affidavits in support of the Motion to Dismiss Plaintiffs' Complaint.

**RESPONSE**:

**Defendants object to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine as it seeks to invade the mental impressions of counsel and attorney-client communications in preparing the Motion to Dismiss, Memorandum in Support of Its Motion to Dismiss, and the Affidavit of Eugene Reynolds.**

080186/483561-61390313.1

3.      Any letters, correspondence, faxes, e-mails or similar communications or documents exchanged between Responding Parties and/or the Reporting Business and Plaintiffs from 1998 through 2011.

**RESPONSE:**

**Defendants object to this Request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it is not properly limited in time or scope and requests "any" documents. Defendants further object to the phrase "similar communications" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object as Plaintiffs will have equal access to their communications with Defendants and Responding Parties. Defendants further object as Reporting Business's documents are not in their possession, care, custody or control. To the extent this request contemplates searches for e-mails or other electronically stored information (ESI), Defendants object that it is overly broad and unduly burdensome. Defendants will work in good faith with Plaintiff to identify a reasonable search protocol regarding the same. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:**

**Defendants have conducted a preliminary search and have not located any responsive documents. Defendants reserve the right to amend, supplement, or correct its answers and responses based upon its continuing investigation, information learned during discovery, and as otherwise necessary.**

4.      Any letters, correspondence, faxes, e-mails or similar communications or documents exchanged between Responding Parties and/or the Reporting Business and local unions of the Graphic Communications International Union and/or the International Printing & Graphics Communication Union from 1998 through 2011

**RESPONSE:**

**Defendants object to this Request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it is not properly limited in time or scope and requests "any" documents. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth**

4

Circuit's order and judgment in this case. Doc. 59, p. 12. Defendants further object to the phrase "similar communications" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Defendants further object as Reporting Business's documents are not in their possession, care, custody or control. To the extent this request contemplates searches for e-mails or other electronically stored information (ESI), Defendants object that it is overly broad and unduly burdensome. Defendants will work in good faith with Plaintiff to identify a reasonable search protocol regarding the same. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:

Defendants do not have any responsive documents. Defendants reserve the right to amend, supplement, or correct its answers and responses based upon its continuing investigation, information learned during discovery, and as otherwise necessary.

5.      Any letters, correspondence, faxes, e-mails or similar communications or documents exchanged between Responding Parties and the Reporting Business pertaining to collective bargaining negotiations or agreements with local unions of the Graphic Communications International Union and/or the International Printing & Graphics Communication Union from 1998 through 2011.

**RESPONSE**:

Defendants object to this Request to the extent that it is overly broad and unduly burdensome as it is not properly limited in time or scope and requests "any" documents. Defendants further object to the phrase "similar communications" "pertaining to" and "agreements" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. To the extent this request contemplates searches for e-mails or other electronically stored information (ESI), Defendants object that it is overly broad and unduly burdensome. Defendants will work in good faith with Plaintiff to identify a reasonable search protocol regarding the same. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:

Defendants do not have any responsive documents. Defendants reserve the right to amend, supplement, or correct its answers and responses based upon its continuing investigation, information learned during discovery, and as otherwise necessary.

4. [sic] Any notes, logs, diaries, calendars, audio or video recordings, photographs or other records of events kept by Respondents pertaining to the Reporting Business's collective bargaining negotiations or agreements with local unions of the Graphic Communications International Union and/or the International Printing & Graphics Communication Union from 1998 through 2011.

**RESPONSE:**

Defendants object to this Request to the extent that it is overly broad and unduly burdensome as it is not properly limited in time or scope and requests "any" documents. Defendants further object to the phrase "pertaining to" and "agreements" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12.    Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:

Defendants do not have any responsive documents.


5. [sic] Any documents Respondents believe support or evidence Respondents' argument that James Lloyd was not involved with running the business of the Reporting Business.

**RESPONSE:**

Defendants object to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine as it seeks to invade the mental impressions of counsel in determining what documents will support counsel's arguments. Defendants further object to this Request as it is overly broad and unduly burdensome as it requests "any" documents. Defendants further object to the phrase "involved in running the business" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:

Defendants do not argue that "James Lloyd was not involved with running the business of the Reporting Business" and, therefore, no documents exist.

6

6. [sic] Any documents Respondents believe support or evidence Respondents' [sic] argument that Eugene Reynolds was not involved with running the business of the Reporting Business.

**RESPONSE:**

**Defendants object to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine as it seeks to invade the mental impressions of counsel in determining what documents will support counsel's arguments. Defendants further object to this Request as it is overly broad and unduly burdensome as it requests "any" documents. Defendants further object to the phrase "involved in running the business" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:**

**Defendants do not have any documents to prove a negative (i.e., that Mr. Reynolds "was not involved with running the business of the Reporting Business"). Even if Mr. Reynolds "was involved with running the business of the Reporting Business," such actions were not at the request or on behalf of Defendants.**

7. [sic] Any documents in which any representative of either or both Respondents discussed the acquisition of the Reporting Business and its operations.

**RESPONSE:**

**Defendants object to this Request to the extent that it is overly broad and unduly burdensome as it is not properly limited in time or scope and requests "any" documents from "any" representative. Defendants further object to the phrase "representative" and "discussed" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12.**

8. [sic] Any documents in which any representative of either or both Respondents discussed collective bargaining negotiations or agreements between the Reporting Business and with local unions of the Graphic Communications International Union and/or the International Printing & Graphics Communication Union.

**RESPONSE:**

080186/483561-61390313.1

Defendants object to this Request to the extent that it is overly broad and unduly burdensome as it is not properly limited in time or scope and requests "any" documents from "any" representative. Defendants further object to the phrase "representative" "discussed" and "agreements" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. To the extent this request contemplates searches for e-mails or other electronically stored information (ESI), Defendants object that it is overly broad and unduly burdensome. Defendants will work in good faith with Plaintiff to identify a reasonable search protocol regarding the same. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:

Defendants do not have any responsive documents.

9. [sic] Any documents in which any representative of either or both Respondents discussed the closing of the Reporting Business and the actual assessment of or the potential for the assessment of withdrawal liability to the Reporting Business from the Plaintiffs.

RESPONSE:

Defendants object to this Request to the extent that it is overly broad and unduly burdensome as it is not properly limited in time or scope and requests "any" documents from "any" representative. Defendants further object to the phrase "representative" and "discussed" as vague as Defendants cannot reasonable ascertain what meaning Plaintiffs ascribe to that phrase. Defendants further object that it is outside the scope of permissible discovery as it is not related to "whether Coleridge and Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone" as outline by the Tenth Circuit's order and judgment in this case. Doc. 59, p. 12. To the extent this request contemplates searches for e-mails or other electronically stored information (ESI), Defendants object that it is overly broad and unduly burdensome. Defendants will work in good faith with Plaintiff to identify a reasonable search protocol regarding the same. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:

Defendants do not have any responsive documents.

10. [sic] Please produce a privilege log for all documents withheld on the basis of privilege that were otherwise subject to disclosure pursuant to these Requests for Production or

under Rule 26(a)(1).  Please ensure the privilege log produced is in accordance with Instructions,

¶ C above.

**RESPONSE**:

**Defendants are not withholding any documents based on privilege.  Defendants agree to provide a privilege log in the event it withholds any documents based on privilege.**

11. [sic]  Any notes, e-mails, receipts of travel, or any other documents associated with travel and/or business performed in the Kansas City, Kansas and/or Kansas City, Missouri metropolitan area from 1998 to the present.

**RESPONSE**:

**Defendants object to this Request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it is not properly limited in time, scope or to Defendants, and requests "any" documents. Defendants further object to the phrase "associated with" and business performed" as vague and further state the request is vague as it does not identify any individual(s) who would have traveled or other relevant custodians.**

12. [sic]  All corporate records and payroll audit records of Greystone Graphics, Inc. from November 1, 2008 to the present.

**RESPONSE**:

**Defendants object to this Request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it is not properly limited in time and requests "all corporate records."  Defendants further object to the phrase "corporate records" and "audit" as vague.  Defendants further object to this Request as it seeks documents that are not in Defendants' possession, custody or control. Subject to its general and specific objections, and without waiving the same, Defendants provide this answer:**

**Defendants are not aware of any payroll "audit" records.  Defendants further direct Plaintiff to Coleridge 000029-058 for "corporate records" as they under the term. Defendants reserve the right to amend, supplement, or correct its answers and responses based upon its continuing investigation, information learned during discovery, and as otherwise necessary.**

080186/483561-61390313.1

Respectfully submitted,

POLSINELLI PC

By:   /s/ *Kaitlin E. Gallen*_____
     ROBERT J. HINGULA  (#22203)
     KAITLIN E. GALLEN (#27427)
     900 W. 48th Place, Suite 900
     Kansas City, MO 64112
     (816) 753-1000
     Fax No.: (816) 753-1536
     rhingula@polsinelli.com
     kgallen@polsinelli.com

ATTORNEYS FOR DEFENDANTS
COLERIDGE FINE ARTS AND JELNIKI
LIMITED

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (____) United States Mail, postage prepaid; (____) ECF Notification System; (_X_) E-mail; (____) Federal Express; and/or (____) Hand Delivery this 19th day of January, 2018, to:

Michael Amash, Esq.
Blake & Uhlig, PA
753 State Avenue, Suite 475
Kansas City, KS  66101
913-321-8884
Fax:  913-321-2396
mea@blake-uhlig.com

Thomas J. Brady, Esq. (admitted *pro hac vice*)
Donaldson & Cornwell
1017 East Grand Avenue
Escondido, CA 92025
760-747-1100
Fax: 760-747-1188
tbrady@donaldsonandcornwell.com
ATTORNEYS FOR PLAINTIFF


*/s/ Kaitlin E. Gallen*

080186/483561-61390313.1