IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br>　　　Plaintiffs,<br><br>v.<br><br>COLERIDGE FINE ARTS and JELNIKI LIMITED,<br><br>　　　Defendants. | Case No. 14-2303-EFM-GLR |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents to Defendants (ECF 72). Defendants oppose the motion (ECF 74). For the reasons set forth below, the Court grants the motion in part and denies it in part.

**I.　Relevant Procedural History**

Plaintiffs ("the Fund") bring this action against Defendants Coleridge Fine Arts ("Coleridge") and Jelniki Limited ("Jelniki"). Defendants are both companies in Ireland. Plaintiffs seek to collect withdrawal liability payments against them, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). Plaintiffs allege Defendants acquired a Kansas corporation, Greystone Graphics, Inc. ("Greystone"). Plaintiffs further allege Greystone withdrew from the Fund in 2011, thus subjecting it to withdrawal liability under 29 U.S.C. § 1381. Plaintiffs contend Defendants are liable for the withdrawal liability payments, because Greystone was their subsidiary. Thus, Plaintiffs argue Defendants are also subject to this Court's jurisdiction because Defendants own Greystone. Defendants deny they are subject to this

Court's jurisdiction. They contend they never had direct control of the daily affairs of Greystone, did not conduct business on its behalf, had no authority to make business decisions related to Greystone, and therefore lack sufficient minimum contacts in Kansas to subject them to jurisdiction.

This Court earlier dismissed this case, concluding it did not have personal jurisdiction over Coleridge and Jelniki (ECF 52). Upon appeal the Tenth Circuit Court of Appeals reversed and remanded the case for "jurisdictional discovery of material relating to the question of whether Coleridge or Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone." (ECF 59 at 12). The parties have engaged in discovery regarding this issue. Plaintiffs' motion asks the Court to compel further responses to Interrogatory Nos. 23, 24, and 25, and to Request for Production Nos. 3, 4, 5, 4 (sic), 8 (sic,). 9 (sic), 11 (sic), and 12 (sic).

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. It states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Considerations of both relevance and proportionality now govern the scope of discovery.[1] Relevant information is "any matter that bears on, or that reasonably could lead to other matter

---

[1] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

2

that could bear on" any party's claim or defense.[2] The 2015 amendment to Fed. R. Civ. P. 26(b)(1) omits the requirement that information must be "reasonably calculated to lead to the discovery of admissible evidence," a provision that was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[3]

"When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[4] When the discovery sought is "overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request."[5] A request is overly broad on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."[6] Relevancy is determined on a case-by-case basis.[7]

### III. Analysis

Defendants assert that they provided supplemental responses to Interrogatory No. 23 three days before Plaintiffs filed their motion.[8] Plaintiffs do not address the supplemental

---

[2] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-cv-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[3] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[4] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[5] *Id.*

[6] *Stonebarger v. Union Pac. R.R. Co.*, No. 13-2137-JAR-TJJ, 2015 WL 64980, at *4 (D. Kan. Jan. 5, 2015) (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658–59 (D. Kan. 2006) (internal citations omitted)).

[7] *Rowan*, 2016 WL 3745680, at *2.

[8] *See* ECF 71.

response to Interrogatory No. 23, and the Court therefore assumes it is sufficient. Accordingly, it denies as moot the motion to compel further response to Interrogatory 23.

Defendants responded to Request for Production Nos. 3, 4, 5, No. 4 (sic), No. 8 (sic), and No. 9 (sic), by stating they do not have any responsive documents and will supplement as necessary.[9] The Court "cannot compel a party to produce documents that do not exist or that are not in that party's possession, custody, or control."[10] Plaintiffs in their motion do not challenge this response. They do not allege and have not provided any information that would challenge the accuracy of the statements that Defendants do not have responsive documents.[11] To avoid confusion, however, the Court directs Defendants to amend their responses to delete the objections and instead simply state that they do not have custody, control or possession of the requested documents. The motion to compel as to Requests for Production Nos. 3, 4, 5, No. 4(sic), No. 8 (sic), and No. 9 (sic) is otherwise denied.

The remaining discovery requests at issue are Interrogatory Nos. 24 and 25 and Request for Production No. 11 (sic) and No. 12 (sic). Defendants assert various objections to each of them. The Court considers the objections and whether the requests comply with the directions set forth by the Tenth Circuit, and if so, whether the answers to them are responsive.

**A. Interrogatory No. 24 and Request for Production No. 11 (sic)**

Interrogatory No. 24 and Request for Production No. 11 (sic) both involve travel to the Kansas City area from 1998 to the present. Specifically, Interrogatory No. 24 asks:

> State whether Eugene Reynolds, James Lloyd, or any other person on behalf of either or both of the Respondents travelled to the Kansas City, Kansas or Kansas City, Missouri metropolitan areas

---

[9] ECF 74 at 6; ECF 73-6 at 4–8.

[10] *Sprint Comm. Co., L.P. v. Vonage Holdings Corp.*, 05-2433-JWL-DJW, 2007 WL 1408399, at *1 (D. Kan. May 9, 2007) (citations omitted).

[11] *Id.*

4

> from 1998 to the present. If so, please state the following: (a) the person who traveled to the area, (b) the dates the travel took place, (c) the purpose of the travel, and (d) identify any notes, e-mails, receipts of travel, or any other documents associated with the identified person's travel to the Kansas City metropolitan area and purpose of that travel.

Request for Production No. 11 (sic) asks for:

> Any notes, e-mails, receipts of travel, or any other documents associated with travel and/or business performed in the Kansas City, Kansas and/or Kansas City, Missouri metropolitan area from 1998 to the present.

Defendants objected to the interrogatory and request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because the requests were not reasonably limited in time or scope. Defendants further objected to the request for "any" documents related to travel for "any" representative, and the phrase "associated with" and "business performed" as vague.

The Court finds Interrogatory 24 and Request 11 to be overly broad on their face. Plaintiff provides no reason for requesting "any notes, e-mails, receipts of travel, or any other documents" about a visit by "any other person" to Kansas City for the past 20 years. As Defendants argue, these requests are not limited to travel regarding Greystone Graphics, but instead ask for information related to travel "on behalf of either or both" Defendants. The Tenth Circuit remanded this case for the parties to participate in "jurisdictional discovery of material relating to the question of whether Coleridge or Jelniki, either directly or through their owners, directors, or agents, were involved in the day-to-day management of Greystone." Nothing in these requests, on its face, appears to relate to whether the Defendants "were involved in the day-to-day management of Greystone." They simply ask about possible travel to Kansas City.

Defendants state in their response that subsequent discovery requests "are far more narrowed"[12] and may resolve the disputes on these requests. "Foreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists."[13] Interrogatory No. 24 and Request for Production No. 11 (sic) are not adequately limited in time. And Plaintiffs provide no adequate suggestion for why 20 years of information and documents is reasonable. Indeed, they provide no rationale to suppose that mere travel to Kansas City addresses the jurisdictional issue. The Court sustains the objections to them.

**B. Interrogatory No. 25 and Request for Production No. 12 (sic)**

Interrogatory No. 25 and Request for Production No. 12 (sic) involve Defendants' involvement with Greystone Graphics. Interrogatory No. 25 asks:

> Please state the current location of the Greystone Graphics, Inc.'s corporate records and payroll records.

Request for Production No. 12 (sic) asks for:

> All corporate records and payroll audit records of Greystone Graphics, Inc. from November 1, 2008 to the present.

Defendants objected to the requests as not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and outside the scope of permissible discovery as outlined by the Tenth Circuit. They further objected upon grounds the requests seek information not in the care, custody or control of Defendants.

Plaintiffs argue they have a court order from California stating they are entitled to receive the requested records from Defendants. But the Court does not find the order from the United

---

[12] ECF 74 at 7.

[13] *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185–86 (2d Cir. 1998)).

States District Court Central District of California, attached to Plaintiffs' motion as Exhibit G,[14] to be binding on this Court. District court decisions are not controlling precedent.[15]

The Tenth Circuit noted, moreover, that the evidence presented did not show "sufficient minimum contact to support the exercise of specific jurisdiction" over Defendants.[16] It reversed and remanded for further discovery on the basis of "the March 15, 2007, one-page agreement between Mr. Reynolds and the union," finding that document "raises a possibility Defendants were involved in the day-to-day management of Greystone."[17] Asking for Greystone Graphics, Inc.'s corporate records and payroll records to be produced exceeds the Tenth Circuit's mandate and assumes Defendants have control over such documents, which they dispute. The Court sustains Defendants' objections to Request for Production No. 12 (sic).

Defendants provide no reason, on the other hand, as to why they cannot answer Interrogatory No. 25. They should be able to state the location of the records, if they have any relevant knowledge. If they do not, they can simply say they do not know. As such, Defendants' objections to Interrogatory No. 25 are overruled. The Court grants Plaintiffs' motion to compel further response as to Interrogatory 25.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents to Defendants (ECF 72) is granted in part and denied in part as set forth herein. Defendants shall supplement their response to Interrogatory No. 25 within fifteen (15) days from the date of this order. The Court otherwise denies the motion.

---

[14] ECF 73-8.

[15] *Garcia v. Tyson Foods, Inc.*, 534 F.3d 1320, 1329 (10th Cir. 2008).

[16] *GCIU-Employer Ret. Fund v. Coleridge Fine Arts*, 700 F. App'x 865, 871 (10th Cir. 2017).

[17] *Id.*

**IT IS SO ORDERED.**

Dated July 31, 2018, at Kansas City, Kansas.

                                                                              S/ Gerald L. Rushfelt
                                                                              Gerald L. Rushfelt
                                                                              U.S. Magistrate Judge